**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KENNETH ALEXANDER

           Plaintiff(s),           CASE NO.: 2:07-CV-14741

vs.

SHELBY TOWNSHIP POLICE           DISTRICT JUDGE GERALD E. ROSEN
DEPARTMENT,           MAGISTRATE JUDGE STEVEN D. PEPE

           Defendant(s).

           _____/

## ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (DKT. # 8)

On December 4, 2007, Plaintiff filed his Application for Appointment of Counsel in which he seeks court appointed counsel (Dkt. # 8). All pretrial matters were referred to the undersigned on November 15, 2007 (Dkt. # 6). For the reasons indicated below, **IT IS ORDERED THAT** Plaintiff's Application for Appointment of Counsel is **DENIED.**

Plaintiff seeks to have this Court appoint an attorney to assist him with his case. Under 28 U.S.C. § 1915(e)(1), a federal court may request counsel to represent an indigent plaintiff. 28 U.S.C. § 1915(e)(1); *Reneer v. Sewell*, 975 F.2d 258, 261 (6th Cir. 1992). Yet, appointment of counsel for an indigent party is a privilege justified only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993). To determine whether exceptional circumstances necessitating the appointment of counsel are present, courts consider the type of case involved, the ability of the plaintiff to represent himself, the complexity of the factual and legal issues, and whether the plaintiff's claims are frivolous or have an extremely small likelihood of success. *Id.*; *Reneer*, 975 F.2d at 261; *Mars v. Hanberry*, 752 F.2d 254, 256 (6th

1

Cir. 1985). Based on several considerations, Plaintiff's claim is denied.

Plaintiff's complaint names 6 Defendants, including two John Doe police officers, alleging numerous claims resulting from his interactions with the Shelby Township Police Department on November 12, 2006 (Dkt. # 1). On November 12, 2006, Plaintiff's car suffered a flat tire to which officers from the Shelby Township Police Department responded (Dkt. # 1, p. 3). Speaking to the responding officers, Plaintiff admitted to having consumed a "few" beers; refused to submit to a Breathalyzer test, citing medical reasons; and admitted to not having a valid driver's license, as it had been temporarily suspended (Dkt. # 1, p. 4). Plaintiff subsequently was taken into custody, and alleges that the officers' actions resulted in violations of his 1st, 4th, 5th, 6th, 7th, 8th, 13th, and 14th Amendment rights (Dkt. # 1, p. 5-8). Plaintiff states that these violations arose when he was illegally shocked with the Taser stun gun, forced to give blood (after refusing a Breathalyzer test on medical grounds) in violation of his religious beliefs, denied medical care while in jail and subject to a conspiracy whereby Defendants sought to kill Plaintiff with a Taser gun. *Id.* Plaintiff asserts that he has been denied access to videotapes from the squad car, which initially responded to him on the roadside, and the police garage where he was shocked by the stun gun. *Id.* at p. 4, 8.

The factual issues raised by Plaintiff concerning his treatment in police custody are clear and straightforward. Plaintiff has demonstrated in his complaint that he understands the legal issues and can present these issues to a Court in a satisfactory manner. Plaintiff, in his complaint, shows a considerable degree of legal sophistication for a *pro per* plaintiff referencing a desire to amended his complaint (Dkt. # 1, p. 11) and seeking to sue various individual Defendants in both their official and personal capacities (Dkt. # 1, p. 12). Further, Plaintiff's

complaint has extensive references to the facts in question showing a clear understanding of the issues at hand.

Also, it must be noted that there is a grave scarcity of attorneys available to represent indigent persons in this Court. This Court has no funds to secure attorneys for indigent parties in civil cases, and has great difficulty finding attorneys willing to volunteer time to serve in *pro bono* cases without payment. Their services must be carefully rationed to the most appropriate cases.

Accordingly, Plaintiff's application for appointment of counsel is **DENIED**. Plaintiff may bring a further application for appointment of counsel after rulings on any dispositive motions at which time appointment of counsel may be reconsidered.

**SO ORDERED.**

Date: December. 17, 2007                                        s/Steven D. Pepe
Flint, Michigan                                                        United States Magistrate Judge

CERTIFICATE OF SERVICE

      I hereby certify that on <u>December. 17, 2007</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: <u>G. Gus Morris</u>, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: <u>Kenneth Alexander #269879, 88 Martin Luther king Blvd., Pontiac, MI 48342</u>

                                                  s/ James P. Peltier
                                                  James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church St.
                                                  Flint, MI 48502
                                                  810-341-7850
                                                  pete_peliter@mied.uscourts.gov