# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KENNETH ALEXANDER,

        Plaintiff,                        No. 07-cv-14741
                                           Hon. Gerald E. Rosen

vs.                                                  Mag. Judge Steven D. Pepe

CITY OF SHELBY TOWNSHIP,
SHELBY TOWNSHIP POLICE
DEPARTMENT, OFFICER
JUSTIN GOEBEL, OFFICER
WILLIAM WYLIE, OFFICER
JOHN DOE, *et al.*,

        Defendants.
_____/

# ORDER ADOPTING MAGISTRATE JUDGE'S
# REPORT AND RECOMMENDATION AND
# <u>DISMISSING PLAINTIFF'S HABEAS CORPUS ACTION</u>

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on        October 8, 2009

        PRESENT:  Honorable Gerald E. Rosen
                                 Chief Judge, United States District Court

        This § 1983 action is presently before the Court on the July 27, 2009 Report and Recommendation of United States Magistrate Steven D. Pepe recommending that this Court grant the Defendants' motion for summary judgment, and that Plaintiff's Complaint be dismissed in its entirety. Timely objections to the Magistrate Judge's Report and Recommendation have been filed. Pursuant to 28 U.S.C. § 636(b)(1), the Court has considered Plaintiff's objections, Defendants' response, and the Court's file of this action,

and has conducted a *de novo* review of the Report and Recommendation. Based upon that review, the Court concludes that, for the reasons stated in the Report and Recommendation, it will grant Defendants' motion for summary judgment and this case should, accordingly be dismissed in its entirety.

This case arises out of events surrounding Plaintiff's traffic stop and subsequent arrest. Plaintiff's objections to the Report and Recommendation are limited to issues concerning the use of a taser when Plaintiff was in the sally port of the Shelby Township Police Department, being escorted to the hospital for a blood draw. Officer Wylie tased Plaintiff in the stomach or chest after Plaintiff failed to enter a patrol car upon multiple requests.[1] At the time, Plaintiff was handcuffed and complaining of leg cramps. Plaintiff now argues that the Magistrate Judge improperly concluded that Officer Wylie's use of the taser was a reasonable use of force under the Fourth Amendment. Plaintiff claims that because there is some evidence that Plaintiff was not posing an immediate risk and that the officers may have been motivated by revenge due to Plaintiff's belligerent comments,

---

[1] Plaintiff also objects to the Report and Recommendation's recitation of facts, claiming that the Magistrate Judge improperly made credibility determinations. In support of this claim, Plaintiff cites the Magistrate Judge's characterization of the taser incident: "Plaintiff was ordered by the officers, more than once, to get into the car. Plaintiff did not comply with the officers' orders, though *he said* he made three attempts to enter the vehicle, but was unable to because of cramps in his leg." (Report & Recommendation 5) (emphasis added). Plaintiff suggests that the use of "he said" when describing Plaintiff's version of the events constitutes a credibility determination. This is not a finding of adverse credibility, but rather a stylistic format for recitation of facts.

2

genuine issues of material fact exist as to the excessive force claim.[2]

A free citizen's claim that law enforcement officials used excessive force in the course of making an arrest, investigatory stop, or other "seizure" of his person is properly analyzed under the Fourth Amendment's "objective reasonableness" standard. Graham v. Connor, 490 U.S. 386, 388, 109 S. Ct. 1865, 1867-68 (1989). "Determining whether the force used is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id., 490 U.S. at 396 (internal quotation omitted). The analysis further mandates that the Court pay "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id.; Kostrzewa v. City of Troy, 247 F.3d 633, 639 (6th Cir.2001). In the Sixth Circuit, the gratuitous use of force on a suspect who has already been subdued and placed in handcuffs is unconstitutional. McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir. 1988) (holding that multiple blows with a nightstick were unneeded and excessive where suspect was handcuffed and not trying to escape or hurt anyone); see also Gaddis ex rel.

---

[2] Plaintiff also makes much of the fact that the surveillance video footage for the sally port was destroyed and is thus conspicuously absent from the record. The Court cannot draw any meaningful inferences from this fact, where it appears that the video was kept in compliance with the police department's retention policy for 365 days, and only thereafter destroyed—notably, before Defendants received notice of Plaintiff's excessive force claim surrounding the events in the sally port.

Gaddis v. Redford Twp., 364 F.3d 763, 772 (6th Cir. 2004) ("[E]ven minor uses of force are unconstitutionally excessive if they are 'totally gratuitous.'").  For example, it is a well-established principle that using a chemical spray or mace on a suspect who is already handcuffed and no longer poses a threat to the safety of the officers or others constitutes excessive force.  Bultema v. Benzie County, 146 Fed. Appx. 28, 35 (6th Cir. 2005) (*citing* Champion v. Outlook Nashville, Inc., 380 F.3d 893, 901 (6th Cir. 2004)).

Viewing the facts in a light most favorable to Plaintiff, the Court finds that Plaintiff has failed to establish that the use of the taser was gratuitous or excessive.  The nature and quality of the intrusion was reasonable given the circumstances leading up to and including the incident in the sally port.  Although Plaintiff has raised questions of fact as to how much of a threat he actually posed to the officers in the immediate sense, it remains undisputed that Plaintiff did not comply with the officers' orders to enter the patrol car.  Officer Wylie deployed the taser only after repeated requests were not obeyed and with the knowledge that Plaintiff had shown a belligerent attitude, threatening officers, following his arrest.  Moreover, the parties do not dispute that Officer Wylie used the taser only once to force compliance and that the contact was not disabling—Plaintiff immediately climbed into the patrol car after being tased.  While it is clear that the gratuitous use of force on a suspect who has already been subdued and placed in handcuffs is unconstitutional, this is not such a case: the single use of a taser cannot be compared to the repeated or prolonged uses of non-deadly force found gratuitous in other contexts.  Compare Landis v. Cardoza, 515 F. Supp.2d 809 (E.D.

Mich. 2007) (holding that officers used excessive force where already apprehended arrestee was unarmed and knee deep in water and mud, shocked with a taser multiple times, struck multiple times with a baton, and restrained in a position that forced his head underwater)*, and* Bultema, 146 Fed. Appx. at 35-36 (holding that officer used excessive force where he sprayed handcuffed arrestee with pepper spray, after having slammed him against the porch railing and handcuffed), *with* Devoe v. Rebant, No. 05-71863, 2006 WL 334297, at *6 (E.D. Mich. Feb. 13, 2006) (holding that police officer did not use excessive force where he administered a short "drive stun" with taser gun to arrestee's lower right back when he failed to comply with police commands to get into the police car).[3]  Finally, although Plaintiff raises the specter of a revenge-motive—the officers were out to punish him for mouthing off in the patrol car and station prior to being transported to the hospital—the subjective state of mind of the individual officers is not relevant for purposes of a Fourth Amendment objective reasonableness inquiry.  See Branham v. City of Dearborn Heights, 830 F. Supp. 399, 401 (E.D. Mich. 1993).  The Court therefore

---

[3] The Magistrate Judge distinguishes Bultema by pointing out that in this case Plaintiff still posed a potential threat to surrounding officers because he could move his legs, though handcuffed.  Plaintiff takes issue with this characterization of the record, arguing that Plaintiff's leg cramps were disabling and he thus could not run or kick.  The Court distinguishes Bultema on different grounds: that case did not involve an arrestee refusing to comply with police commands.  146 Fed. Appx. at 34.  Devoe, by contrast, deals with an arrestee who had previously resisted arrest and exhibited a belligerent attitude, then resisted getting into a police cruiser. 2006 WL 334297, at *6-7.  The latter case is more instructive in this action, since even if Plaintiff had trouble moving his legs, an objectively reasonable officer under the circumstances could have understood Plaintiff's failure to get into the police car as resistance to police commands.

concludes that Officer Wylie's single use of the taser gun causing a one-time shocking which did not inflict any serious injury or otherwise disable Plaintiff was a reasonable use of force under the circumstances.

Alternatively, the Court concludes, as did the Magistrate Judge, that even if the officers' conduct could be deemed unreasonable, the individual Defendants are nonetheless entitled to summary judgment on qualified immunity grounds because there is no case law clearly establishing that this type of use of a taser is unlawful.  While the Sixth Circuit has held that the right to be free from excessive force is a clearly established Fourth Amendment right, see Neague v. Cynkar, 258 F.3d 504, 507 (6th Cir. 2001), the law governing the use of a taser to gain an arrestee's compliance with police officer commands is, as Plaintiff concedes, hazy.

For the foregoing reasons and the reasons set out in the Report and Recommendation, the Court being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation of July 27, 2009 **[Dkt. # 41]** be, and hereby is, adopted by this Court.

IT IS FURTHER ORDERED that, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Defendants' motion for summary judgment **[Dkt. # 37]** be, and hereby is **GRANTED** and the above-captioned case, therefore, is **DISMISSED** with prejudice.

                                            s/Gerald E. Rosen
                                            Chief Judge, United States District Court

Dated: October 8, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 8, 2009, by electronic and/or ordinary mail.

                                            s/Ruth A. Brissaud
                                            Case Manager
                                            (313) 234-5137